Filed 3/27/13  P. v. Super. Ct. CA1/3
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>    Respondent;<br><br>WILLIAM MITCHELL,<br><br>    Real Party in Interest. | A136005<br><br>(City & County of San Francisco Super. Ct. No. 106557) |

On March 14, 2012, the People filed a petition, pursuant to Penal Code section 1026.5,[1] seeking to extend a state hospital commitment of real party in interest William Mitchell. The trial court granted Mitchell's motion to dismiss the petition on the ground it lacked jurisdiction because the petition had not been filed before the expiration of Mitchell's term of commitment. The People now seek extraordinary writ review challenging the dismissal order, which is opposed by Mitchell. We conclude that under the circumstances the trial court had jurisdiction to adjudicate the March 14, 2012 petition. Accordingly, we grant the People's petition for writ of mandate.

---

[1] All further unspecified statutory references are to the Penal Code.

1

# FACTUAL AND PROCEDURAL BACKGROUND

In 1982, William Mitchell was committed to a state hospital based on his plea of not guilty by reason of insanity to a charge of felony assault. Since that time, he has been recommitted to the state hospital for successive two-year commitments.

On October 19, 2009, the People filed a timely petition to extend Mitchell's commitment (due to expire on January 16, 2010) for an additional two years. Thereafter, the matter was continued over 20 times, either at Mitchell's request or with his acquiescence (i.e., without his objection). On January 27, 2012, Mitchell signed a "declaration" (hereafter referred to as a stipulation), stating, in pertinent part, that he forfeited his right to a jury, and he agreed "to extend [his] commitment for the statutory period pursuant to Penal Code [s]ection 1026 and 1026.5."

At a March 7, 2012 proceeding, Mitchell's counsel informed the trial court and the prosecutor that Mitchell "ha[d] signed a stipulation to his current hospitalization." However, Mitchell's stipulation was not filed at that time. Instead, his counsel requested "that this matter, the trial date of March the 9th be vacated, and we continue it to March the 14th . . . to deal with the stipulation and the possibility of a further addition [*sic*]." The trial court granted the request and continued the matter for trial "setting."

On March 14, 2012,[2] when the trial court called the case, the prosecutor initially asked whether the purpose of the hearing was to file a petition. Mitchell's counsel objected, stating that any petition filed that day would be untimely, and Mitchell wanted to file his stipulation that concerned the October 2009 petition. Mitchell's stipulation had not been previously filed because of some confusion about whether a new recommitment petition had been filed. The court then stated it had a petition dated March 14. The prosecutor requested permission to file the petition that day. The court granted the

---

[2]  We take judicial notice of the following documents that were filed in this court on August 2, 2012, in *People v. Mitchell*, A135948: (a) a transcript entitled "Before the Honorable Garrett L. Wong, Judge Presiding, Tuesday [*sic*], March 14, 2012, Volume 11 (Pages 68-72)," and (b) the court's minute order dated March 14, 2012, the People's petition filed March 14, 2012, and Mitchell's "declaration" filed March 14, 2012, which appear in the clerk's transcript at pages 91-95, 113, and 114. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

prosecutor's request and the petition was filed on March 14. Immediately thereafter, Mitchell's counsel requested permission to file Mitchell's stipulation. The court granted that request and Mitchell's stipulation was filed that day.

On April 6, 2012, Mitchell filed a motion to dismiss the March 14, 2012 petition on the ground his prior commitment had expired on January 16, 2012, and the court had no jurisdiction to adjudicate the March 14, 2012 petition because it had been filed after the expiration of his prior commitment. The People opposed the motion, arguing, in pertinent part, that the court retained "fundamental jurisdiction" to adjudicate the March 14, 2012 petition. The trial court granted the motion to dismiss the petition. However, the court temporarily stayed Mitchell's release because Mitchell would still present a danger to the community if released and the People were directed to conduct an investigation for a conservatorship.

On June 29, 2012, the People filed an appeal from the order granting Mitchell's motion to dismiss the March 14, 2012 petition. On that same day, the People requested a stay of the proceedings. In the stay application, the People indicated the Napa State Hospital forensic assistant assigned to the case unofficially questioned whether Mitchell would qualify as "gravely disabled" for conservatorship purposes. The forensic assistant predicted that if Mitchell was not found to be "gravely disable," he could not be held at Napa State Hospital, would be released to the public, and would likely cease taking his medication.

Thereafter, on July 19, 2012, the People filed this petition for a writ of mandate and/or prohibition and requested that we temporarily stay the trial court's order directing Mitchell's release, which was then scheduled for July 25, 2012. On July 20, 2012, we stayed Mitchell's release from custody pending our consideration of this petition, set a schedule for informal briefing, and gave notice that if circumstances so warranted, we might issue a peremptory writ in the first instance. (See Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) We now issue the peremptory writ in the first instance, directing respondent court to vacate its order granting Mitchell's motion to dismiss the March 14, 2012 petition, to enter a new and

3

different order denying the motion, and to resume proceedings to adjudicate the March 14, 2012 petition.

## DISCUSSION

### A. Writ Relief Is Appropriate in This Case

We conclude that under the circumstances it is appropriate to resolve the People's request for relief by its petition for extraordinary writ review, which will result in a speedier disposition than would an appeal. As we have noted, an immediate stay was necessary to allow time for us to consider this petition without endangering the public. The trial court found that (1) if the extension petition had been timely, Mitchell's commitment would most likely have been extended, (2) that Mitchell would present a danger to the community if released from custody, and (3) that an investigation should be initiated so that Mitchell could be evaluated for conservatorship. However, the Napa State Hospital forensic assistant assigned to the case doubted that Mitchell met the requirements for civil commitment and was concerned about the likelihood that Mitchell would be released to the public without supervision, and stop taking his medication. Alternatively, Mitchell contends he has been entitled to be released since January 17, 2012, and a speedy resolution of the underlying issue is important to minimize any illegal restraint on his freedom.

### B. The Trial Court Has Jurisdiction to Adjudicate the People's March 14, 2012 Petition

The general procedure for committing a defendant who pleads not guilty by reason of insanity is set out in section 1026 et seq. For defendants, such as Mitchell, who have already been committed and who still require an additional period of commitment, the medical director of the facility in which the defendant is committed transmits his or her opinion, accompanied by supporting declarations, the relevant records, and recommendations at least 180 days before the current commitment term expires. (§ 1026.5, subd. (b)(2).) The prosecutor may then file a petition requesting an extension of the commitment "no later than 90 days before the expiration of the [prior] commitment unless good cause is shown." (*Ibid.*) A trial shall commence "no later than 30 calendar

4

days prior to the time the person would otherwise have been released, unless that time is waived by the person or unless good cause is shown." (*Id.*, subd. (b)(4).) If at trial an additional commitment is found to be appropriate, the maximum duration of that next commitment is two years, absent a further determination, under these same procedures, that yet another commitment is necessary. (*Id.*, subd. (b)(8).)

The statute does not address the situation we face here — where continuances of the trial on the petition extend beyond the entire potential new commitment period. Rather, the statute directs that if a finder of fact determines that the patient meets the specified criteria, the court is to order the patient recommitted to the facility in which he was confined for an additional two years. (§ 1026.5, subd. (b)(8).) In this case, there was never a trial regarding the commitment period (January 16, 2010 to January 16, 2012) to be adjudicated pursuant to the October 2009 petition. Instead, at the time of the March 14, 2012 court proceeding, the October 2009 petition remained unadjudicated by the trial court due to numerous continuances.

In support of his claim that his commitment can no longer be extended, Mitchell asks us to consider two cases: *People v. Lara* (2010) 48 Cal.4th 216 and *People v. Allen* (2007) 42 Cal.4th 91. In *Lara*, the petition to extend the defendant's commitment pursuant to section 1026.5 was filed so late that the defendant did not have an adequate time to prepare for trial before his commitment term ended, and there was no good cause shown for the late filing. (48 Cal.4th at p. 221.) Our Supreme Court held the statutory deadline for filing an extension petition was not mandatory as long as the petition was filed before the expiration of the prior commitment period. (*Id.* at pp. 225-226.) Implicitly, the *Lara* court determined that the filing of the recommitment petition while the defendant was still being legally detained was a mandatory requirement. In reaching this conclusion, the *Lara* court relied on *Allen*, a case arising under the Mentally Disordered Offenders Act (MDO), a statute which allows a prisoner who has been determined to be a mentally disordered offender to be civilly committed if certain requirements are shown to exist. (*Allen, supra*, 42 Cal.4th at p. 99.) In *Allen*, our Supreme Court held the deadline requiring the filing of a recommitment petition before

the end of the current MDO commitment term was mandatory; thus, if it were not met, the relevant government action — specifically the trial court's order extending Allen's commitment — was invalid. (*Id*. at p. 104.) Based on the *Allen* court's holding, and the *Lara* court's reliance and application of the *Allen* principles, Mitchell reasons that an extension of his commitment would be invalid because the March 14, 2012 petition was filed well after January 16, 2012, which he contends was the date of the expiration of his prior commitment term.

However, Mitchell's argument ignores two crucial facts which distinguish his situation from *Lara/Allen*: (1) the October 19, 2009 petition had been timely filed and (2) that petition had never been adjudicated because of the continuances. Contrary to Mitchell's further contention, no actual term of commitment terminated on January 16, 2012, because Mitchell had never been committed for a term that ended on that date. The last involuntary commitment period that had been imposed terminated on January 16, 2010. An extension petition had been timely filed seeking to extend that commitment, but because of continuances, no decision adjudicating that petition was ever made. The filing of the October 2009 petition invoked the court's jurisdiction to determine whether Mitchell's commitment should be extended. The continuances requested and/or agreed to by the parties and ratified by the trial court continued the court's jurisdiction. The October 2009 petition was superseded by the filing of the March 14, 2012 petition, which now remains to be adjudicated by the trial court.

Under the circumstances, we see no conflict between allowing the People to proceed on the March 14, 2012 petition and Mitchell's right not to be subject to an illegal commitment. Until March 14, 2012, Mitchell was validly held pursuant to the filing of the 2009 recommitment petition and the continuances. Mitchell was then held pursuant to the recommitment petition filed March 14, 2012. Thus, the public safety goal, which is the primary purpose of the section 1026 procedure (*People v. Lara, supra*, 48 Cal.4th at p. 228, fn. 18) is furthered because the court will be able to determine whether Mitchell currently meets the criteria for continued commitment. The "secondary benefit to [Mitchell] derived from the time limit[s]" in section 1026 is not infringed. (*Ibid*.)

6

Because the March 14, 2012 petition and Mitchell's stipulation concerning the earlier October 2009 petition were filed contemporaneously in the same court proceeding, we cannot conclude Mitchell's confinement was being meaningfully prolonged by an illegal commitment.

## DISPOSITION

We invoke the accelerated *Palma* procedure (see *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d 171) because "petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue. . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241.) Also, our immediate resolution of the matter will expedite the trial court's consideration of whether Mitchell should remain committed for an additional term.

Let a peremptory writ of mandate issue directing respondent court to vacate its order granting Mitchell's motion to dismiss the People's March 14, 2012 petition, to enter a new and different order denying the motion to dismiss, and to proceed to adjudicate the petition forthwith. Our July 20, 2012 stay of Mitchell's release shall remain in effect until adjudication of the March 14, 2012 petition is concluded.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.

7